UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**D & S CONTRACTORS, INC.,**                                  Chapter 7
    Debtor                                            Case No. 09-15135-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

    The matter before the Court is the Motion by Cape Cod Five Cents Savings Bank (the "Bank") for Relief from Stay with respect to property owned by D &S Contractors, Inc. (the "Debtor") located at 84 Menotomy Road, Plymouth, Massachusetts (the "property"). The Chapter 7 Trustee, Donald R. Lassman, Esq., filed an Objection to the Motion, and the Court heard the matter on November 16, 2009.

    Following the hearing, the parties filed an Agreed Statement of Facts Regarding Contested Motion, as well as briefs. The issue presented is whether, given the Debtor's default under the payment terms set forth in paragraph 1 of the Uniform Covenants of the

Mortgage it granted the Bank, the Bank is entitled to relief from the automatic stay imposed by 11 U.S.C. § 362(a) with respect to the property, where the Debtor did not execute the Note referenced in the Mortgage it executed in August of 2006.

Because the facts necessary to determine the contested matter are not in dispute and neither party requested the opportunity to present evidence or an evidentiary hearing, and because the Part VII Rules apply to this contested matter, *see* Fed. R. Bankr. P. 9014(c), the matter is ripe for summary judgment. *See* Fed. R. Civ. P. 56(c), made applicable to this proceeding by Fed. R. Bankr. P. 7056. The Court now makes its findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.

## II. BACKGROUND

On June 1, 2009, the Debtor filed a voluntary Chapter 7 petition, listing its address as 7 Janebar Circle, Plymouth, Massachusetts. The Debtor neither listed the property nor the Bank in its schedules filed on June 1, 2009, but it quickly amended Schedule A-Real Property and Schedule D-Creditors Holding Secured Claims to list both the property, a vacant and uncleared lot, with a value of $143,300 and the Bank with a secured claim in the sum of $139,000.

On January 14, 2005, the Bank entered into a loan transaction with the Debtor pursuant to which it lent the Debtor $144,000 to purchase the property. On that date, David J. Sneider ("Sneider") executed an Adjustable Rate Note, both individually and as

president of the Debtor.[1] Additionally, he executed a Mortgage to secure the Note in his capacity as president and treasurer of the Debtor.

On August 8, 2006, the Debtor refinanced the 2005 loan with a new loan in the amount of $141,000 and paid off the 2005 Note. In connection with the 2006 refinancing, the Debtor executed and delivered a new Mortgage on the property to the Bank, which Mortgage was signed by Sneider, as "Borrower," in his capacity as president of the Debtor. The Mortgage provides in relevant part the following:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.

The Mortgage contained a number of pertinent definitions. It defined "Security Instrument" as "this document, which is dated August 8, 2006, together with all Riders to this document;" "Borrower" as the Debtor; and "Note" as follows:

> the promissory note signed by Borrower and dated August 8, 2006. The Note states that Borrower owes Lender One Hundred Forty One Thousand and no/100 Dollars (U.S. $141,000.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than August 08, 2036.

The Adjustable Rate Note, however, was not signed by the Debtor. Rather, it was signed by Sneider in his individual capacity only. Thus, the intention of the parties that the Debtor execute both the Mortgage and Note appears to have been frustrated by inadvertence or

---

[1] The Court takes judicial notice that the Debtor listed Sneider as the president and 100% shareholder of the Debtor in answer to question 21 on the Statement of Financial Affairs.

3

mistake. Despite Sneider's failure to execute the Note in his capacity as president of the Debtor, the Court finds from the agreed facts and the information set forth on the Debtor's Statement of Financial Affairs that there was adequate consideration for both the Note and the Mortgage because of Sneider's sole ownership of the Debtor corporation and the use of the loan proceeds by the Debtor to refinance the property.

### III. POSITIONS OF THE PARTIES

A. The Bank

The Bank recognizes that if the underlying promissory note is not supported by consideration the mortgage is not enforceable. Holt v. F.D.I.C., 216 B.R. 71, 75 (D. Mass. 1997)(citing Saunders v. Dunn, 175 Mass. 164, 165 (1900)).[2] Nevertheless, it maintains that

---

[2] The court in Holt stated:

A mortgage is a conveyance of an interest in real estate to secure an obligation owed the mortgagee. *See* Perry v. Miller, 330 Mass. 261, 263, 112 N.E.2d 805 (1953). Generally, the obligation secured by the mortgage is delineated in a promissory note or separate written instrument that governs the terms of the obligation. *See* 28 Arthur L. Eno, Jr. & William V. Hovey, Massachusetts Practice: Real Estate Law § 9.3 (1995). A mortgage is unenforceable if the obligation the mortgage secures is unenforceable. Therefore, if the promissory note is not supported by consideration, the mortgage is not enforceable. *See* Saunders v. Dunn, 175 Mass. 164, 165, 55 N.E. 893 (1900) (holding that a mortgage is not enforceable if the underlying promissory note is without consideration). In this case, there is no separate promissory note or separate written instrument regarding the terms of the obligation. The terms of the promissory note are contained in the $700,000 mortgages. Whether a document constitutes a contract is a question of law. Schwanbeck v. Federal-Mogul Corp., 31 Mass.App.Ct. 390, 406, 578 N.E.2d 789 (1991), *modified* 412 Mass. 703, 709-10, 592 N.E.2d 1289 (1992) (whether a writing constitutes a contract is a question of law where a writing is required by the Statute of Frauds). . . .

under Massachusetts law a mortgage may secure the obligation of a third party and that "[t]he Supreme Judicial Court has stated that '[a] mortgage . . . may exist without there being any debt or any personal liability of the mortgagor.'" Cadle Co. v. Boston Investors Group, L.P., No. 96-11152-WGY , 1997 WL 106904 at *2 (D. Mass. Jan. 30, 1997)(citing, *inter alia,* Perry v. Miller, 330 Mass. 261, 263, 112 N.E.2d 805 (1953); Rice v. Rice, 21 Mass. [4 Pick.] 349, 352 [1826]; Campbell v. Dearborn, 109 Mass. 130, 144 [1872]; Pearson v. Mulloney, 289 Mass. 508, 515 [1935] ); and Cook v. Johnson, 165 Mass. 245, 247, 43 N.E. 96 (1896) ("it is well settled that there may be a mortgage without personal liability on the part of the mortgagor for the debt which the mortgage secures")). The Bank further notes that the court in Boston Investors, specifically rejected the conclusions of the bankruptcy court which had ruled as follows:

> "A mortgage must secure an obligation. No one has represented that the title holder in any way was obligated on any instrument, directly or indirectly by way of a guarantee or other assurance, to the bank. As such, . . . the mortgage is a legal nullity because it does not support an obligation."

1997 WL 106904 at *2.

The Bank adds that a mortgage without a note may be considered valid so long as the debt is described sufficiently to put a person examining the title on notice. Alternatively, it argues that the Court should equitably reform the mortgage to express the intended agreement of the parties. It relies upon In re Jackson, 231 B.R. 142 (Bankr. D. Mass. 1999), in which the court stated:

---

216 B.R. at 75.

5

> When a written instrument fails to express the parties' agreement because of a mistake of both parties as to its effect, the court may reform the instrument to express the intended agreement unless reformation would unfairly prejudice a third party such as a good faith purchaser. *See* State Police Ass'n v. Commissioner, 125 F.3d 1, 4 (1st Cir.1997); Howell v. Glassman, 33 Mass.App.Ct. 349, 600 N.E.2d 173, 175 (1992); Restatement (Second) of Contracts § 155 (1979). I therefore treat the mortgage as having been reformed to include the Debtor's signature in her individual capacity. I dispense with the state court procedure involving appointment of a receiver and the receiver's execution of validating instruments. I do so under the venerable equitable maxim which treats as having been done that which should be done. *See* Independent Wireless Tel. Co. v. Radio Corp., 269 U.S. 459, 473, 46 S.Ct. 166, 70 L.Ed. 357 (1926); Camp v. Boyd, 229 U.S. 530, 559, 33 S.Ct. 785, 57 L.Ed. 1317 (1913); Baseball Pub. Co. v. Bruton, 302 Mass. 54, 18 N.E.2d 362, 365 (1938); Institut Pasteur v. Cambridge Biotech Corp. (In re Cambridge Biotech Corp.), 186 B.R. 9, 16-17 (Bankr.D.Mass.1995), *aff'd*, 212 B.R. 10 (D.Mass.1997); John Norton Pomeroy, *Equity Jurisprudence* 364 (5th ed.1941); George L. Clark, *Equity* § 20 (1954); Joseph Story, *Commentaries on Equity Jurisprudence* § 81 (14th ed.1918).

142 B.R. at 143-44. The Bank emphasizes that the Debtor received the full consideration for the mortgage, namely the 2006 loan proceeds which it used to refinance the property and satisfy the prior mortgage.

### B. The Trustee

The Trustee maintains that there can be no "free standing" mortgage. He states that the circumstances in the present case are analogous to those existing when a promissory note has been satisfied, adding that "[o]nce it's paid off the mortgage goes away because there's no longer an underlying obligation and therefore the mortgage is just void under Massachusetts state law."

**IV. DISCUSSION**

"Massachusetts law permits interpretation of the mortgage *alone* to discover the

intention of the parties and the extent of the security. *See* Chiodetti v. First Lake Corp. (In re Chiodetti), 163 B.R. 6, 10 (Bankr. D. Mass. 1994). A cursory examination of the 2006 Mortgage reveals that the parties intended that it secure the indebtedness evidenced by the Note, namely $141,000. The issue is whether the mortgage is enforceable in the absence of the signature of an authorized officer of the Debtor on the Note, as Sneider signed the Note in his individual capacity only. Although the Debtor is not obligated on the Note, the Mortgage remains valid, particularly as there was consideration for the Mortgage loan.

Massachusetts courts have cited the Restatement of Property for the proposition that "[a] mortgage is a conveyance or retention of an interest in real property as security for performance of an obligation. A mortgage is enforceable whether or not any person is personally liable for that performance." Washington Mutual Home Loans, Inc. v. DeMello, No. 290843, 2006 WL 1875471 at *5 (Mass. Land Ct. July 7, 2006)(citing Restatement (Third) Property, § 1.1 (1997)). Generally, "[u]nless a mortgage secures an obligation, it is a nullity." Restatement (Third) Property, § 1.1, cmt. (1997). *See also* Perry v. Miller, 330 Mass. 261, 263 (1953) ("Where the condition of defeasance is the fullfilment [sic] of a promise by the mortgagor, the mortgage depends upon the validity of the mortgagor's obligation. If there is no consideration for the promise, there is no enforceable contract and the mortgage security is not available to the mortgagee."). Nevertheless, Massachusetts law recognizes that "[a] mortgage . . . may exist without there being any debt or any personal liability of the mortgagor." Perry v. Miller, 330 Mass. at 263. *See also* Boston Investors Group, L.P., 1997 WL 106904 at * 2.

The decision of the bankruptcy court in In re Jackson, 231 B.R. 142 (Bankr. D. Mass. 1999), is pertinent to resolution of the instant case. There, the debtor executed a mortgage in her capacity as president and sole shareholder of a dissolved corporation. The court concluded that the mortgage could be reformed to include the debtor's signature in her individual capacity to reflect the parties' intention which was thwarted by mutual mistake unless reformation would unfairly prejudice a third party such as a good faith purchaser, such as a Chapter 7 trustee empowered by the provisions of 11 U.S.C. § 544. 231 B.R. at 143. The court rejected the arguments of a creditor, stating that it was neither a purchaser nor a secured creditor who gave consideration in reliance on public records. Although the trustee has the status of a good faith purchaser, *see* 11 U.S.C. § 544(a)(3), the Mortgage executed by the Debtor was properly recorded, and, as noted above, under Massachusetts law the Mortgage could secure the obligation of Sneider as the sole signatory of the Note. In short, the Trustee is deemed to have had notice of the Mortgage. *Cf.* Resolution Trust Corp. v. Kornet, No. 168873, 1994 WL 16195048 at *8-*9 (Mass. Land Ct. Aug. 2, 1994).

The Trustee's argument that the Mortgage is invalid because the circumstances are analogous to those when a note is satisfied is unpersuasive. The facts of the instant case resemble the situation when a debtor's personal liability for an obligation is discharged, but the mortgage encumbering the property is unaffected by the bankruptcy and available for satisfaction of the debt *in rem*. *Cf.* Washington Mutual Home Loans, Inc. v. DeMello, No. 290843, 2006 WL 1875471 (Mass. Land Ct. July 7, 2006).

**V. CONCLUSION**

In view of the foregoing the Court need not address the Bank's argument pertaining to reformation of the Note or Mortgage. The Court finds that the Bank has established a colorable claim to relief under the standard set forth in <u>Grella v. Salem Five Cent Savs. Bank</u>, 42 F.3d 26, 32-33 (1st Cir. 1994). Accordingly, the Court shall enter an order granting the Motion by Cape Cod Five Cents Savings Bank for Relief from Stay.

                                      By the Court,

                                      Joan N. Feeney
                                      United States Bankruptcy Judge

Dated: January 14, 2010
cc: Melvin S. Hoffman, Esq., Ryan M. MacDonald, Esq., Donald R. Lassman, Esq.